IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA JURIEL, | CIVIL ACTION |
| Plaintiff | |
| | NO: |
| v. | |
| SHIELDS & SHIELDS, | |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

I. **INTRODUCTION**

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and intentional discrimination with respect to her disability.

II. **JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, and §1367 and Title 42 U.S.C. §12101, et seq., which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover

damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on May 4, 2022, and this action was commenced by Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

### III. **PARTIES**

6. Plaintiff, Donna Juriel, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 3404 South Percy Street, Philadelphia, Pennsylvania.

7. Defendant, Shields and Shields, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 840 Walnut Street, Philadelphia, Pennsylvania.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

9. At all times material herein, Defendant has been a "person" and "employer" as defined under the ADA, the ADAA, and PHRA, is subject to the provisions of each Act.

## IV. STATEMENT OF CLAIMS

10. Plaintiff was employed by Defendant from June 6, 2021 until August 16, 2021, when she was terminated as a result of the unlawful employment practices complained of herein.

11. During the course of her employment with Defendant, Plaintiff held the position of Authorization Specialist and performed her job in a dutiful and competent manner.

12. Plaintiff is diabetic and suffers from other health ailments. She is disabled within the meaning of the ADA and PHRA in that she is substantially limited in one or more major life activities, has a record of impairment or was regarded as disabled.

13. Plaintiff suffered a diabetic ulcer in her foot in July, 2021, and as a result, was placed in a soft cast by her physician.

14. On July 29, 2021, Plaintiff informed David Lashinsky ("Lashinsky") Defendant's Practice Administrator, that she was required to have surgery for her foot due to her diabetic condition.

15. Plaintiff underwent the aforesaid surgery and returned to work with Defendant on August 2, 2021.

16. Two weeks later, on August 16, 2021, Laschinsky told Plaintiff that she was being terminated because she was not experienced enough to do her job and that she has "medical issues." Laschinsky also stated to Plaintiff that this was not the right position for her and that she should just "take care of her foot."

17. Plaintiff believes avers that she was terminated solely as a result of her disability and that the proffered reasons offered by Defendant were bogus and a pretext for discrimination.

18. Prior to her termination, Plaintiff's qualifications were never previously questioned by Defendant as she possessed a dual MBA degree and had twenty-five (25) years of experience working in the capacity for which she was hired by Defendant.

19. Plaintiff believes and therefore avers that Defendant subjected her to discrimination by terminating her due to her disability, in violation of the ADA and PHRA.

## COUNT I
## (ADA/ADAA)

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set forth herein at length.

21. The actions of the Defendant through its agents, servants, and employees, in terminating Plaintiff due to her disability, constituted a violation of the ADA and the ADAA.

22. The actions of the Defendant, through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of her employment constituted a violation of the ADA and the ADAA.

23. As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (PHRA)

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein at length.

25. The actions of the Defendant through its agents, servants, and employees, in terminating Plaintiff due to her disability, constituted a violation of the PHRA.

26. The actions of the Defendant, through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment constituted a violation of the PHRA.

27. As a direct result of Defendant's willful and unlawful actions in violation of the PHRA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

28. Plaintiff repeats the allegations of paragraph 1 through 27 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

 (a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

 (b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of

life and other non-pecuniary losses as allowable;

      (c)    Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

      (d)    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

LOVITZ LAW FIRM, P.C.

By: _____
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff, Donna Juriel